UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>  Plaintiff,<br><br>v.<br><br>COLUMBIA GEM HOUSE et al.,<br><br>  Defendants. | CASE NO. 3:25-mc-05001-DGE<br><br>ORDER REGARDING APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 |

This matter comes before the Court on the application of the Republic of Malawi ("Applicant" or "Malawi") to conduct discovery for use in contemplated foreign criminal and civil proceedings pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) For the reasons discussed below, the Court GRANTS the application.

I.    FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of an investigation initiated by Thabo Chakaka-Nyirenda, the Attorney General of Malawi, into an alleged scheme to defraud Malawi out of billions of dollars in royalties and taxes related to the mining of rare rubies and sapphires at the Chimwadzulu

1  mine, which is located on Chimwadzulu Hill in the Ntcheu District of Malawi.  (Dkt. No. 1 at 6–

2  7.)  Malawi alleges Nyala Mines Limited ("Nyala Mines"), which held a license from Malawi's

3  government granting it the exclusive right to mine rubies and sapphires from the Chimwadzulu

4  mine, engaged in a long-running criminal conspiracy to underreport its gemstone exports and

5  wholesale earnings to reduce the amount owed to Malawi under the relevant license and royalty

6  agreements.  (*Id.* at 6.)

7     Malawi seeks discovery from Columbia Gem House, Inc. ("Columbia Gem"), a supplier

8  and wholesaler of exotic gemstones with offices in Vancouver, Washington, which Malawi

9  claims will aid its investigation.  (*Id.*)  Malawi contends Columbia Gem has an exclusive

10 agreement with Nyala Mines to sort, cut, and market sapphires and rubies from the Chimwadzulu

11 mine.  (*Id.* at 10.)  Malawi also seeks to ascertain whether Columbia Gem is, or was, the parent

12 company of Nyala Mines.  (*Id.* at 12.)  Malawi alleges Columbia Gem has knowledge and

13 documents in its possession, custody, or control that are relevant to the investigation.  (*Id.* at 6.)

14 On April 11, 2025, Malawi filed an ex parte application, pursuant to 28 U.S.C. § 1782, seeking

15 to conduct discovery for use in contemplated criminal and civil proceedings stemming from its

16 investigation into the Chimwadzulu mine.  (*Id.*)

17                    **II.    LEGAL STANDARD**

18     Under 28 U.S.C. § 1782, a district court may order a person who resides or is found in its

19 district to produce documents or testimony for use in a proceeding in a foreign or international

20 tribunal.  "Section 1782 is the product of congressional efforts, over the span of nearly 150 years,

21 to provide federal-court assistance in gathering evidence for use in foreign tribunals."  *Intel*

22 *Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).  The aims of Section 1782

include "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252.

### III. DISCUSSION

**A. Statutory Requirements**

Under Section 1782, an applicant seeking discovery for use in a foreign proceeding must meet three statutory requirements: (1) the request is made "by a foreign or international tribunal" or "any interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made. 28 U.S.C. § 1782(a); *In re Sailed Tech. (Beijing) Co., Ltd.*, Case No. 2:22-cv-01396-JHC, 2023 WL 3568151, at *3 (W.D. Wash. May 18, 2023).

    1. <u>Interested Party</u>

Malawi argues that, as the victim of the alleged crimes being investigated, it is an interested party authorized to file an application pursuant to Section 1782. (Dkt. No. 1 at 19.) "An 'interested person' seeking to invoke the discovery mechanism set forth under § 1782 may include not only litigants before foreign or international tribunals, but also foreign and international officials as well as any other person whether he be designated by foreign law or international convention or merely possess a reasonable interest in obtaining [judicial] assistance." *Akebia Therapeutics, Inc. v. FibroGen, Inc.*, 793 F.3d 1108, 1110 (9th Cir. 2015) (internal citations and quotations omitted).

Courts have routinely found that foreign governments and attorneys general qualify as interested persons for purposes of the statute. *Republic of Ecuador v. Stratus Consulting, Inc.*, Case No. No. 13–cv–01112–REB–KLM, 2013 WL 2352425, at *2 (D. Colo. May 29, 2013)

1  (finding the Republic of Ecuador to be an "interested person"); *Matter of Govt. of Mongolia v*
2  *Itera Intl. Energy, L.L.C.*, Case No. 3:08-mc-46-J-32MCR, 2009 WL 10712603, at *9 (M.D. Fla.
3  Nov. 10, 2009) (finding the Government of Mongolia was an interested party); *In re Attorney*
4  *Gen. of Quebec for Jud. Assistance Pursuant to 28 U.S.C. § 1782*, Case No. 21-mc-23671-
5  SCOLA/GOODMAN, 2021 WL 5231630, at *1 (S.D. Fla. Nov. 10, 2021) (finding that the
6  Attorney General of Quebec was an "interested person" when seeking discovery to support
7  litigation pending in Quebec).

In seeking discovery for the purpose of investigating alleged crimes against Malawi, the Court finds Malawi and Attorney General Chakaka-Nyirenda are interested persons for purposes of the statute.

### 2. Use in a Foreign Proceeding

Malawi contends the discovery sought is for use in reasonably contemplated foreign civil and criminal proceedings before a court in Malawi. (Dkt. No. 1 at 18.) Malawi asserts it intends to bring criminal charges "under the Taxation Act, the Penal Code, and/or the Companies Act, and any other applicable financial crime against Nyala Mines or any other responsible party." (*Id.* at 19.) Malawi also intends to bring a civil action against Nyala Mines and potentially other parties for breach of contract, unjust enrichment, and conversion. (*Id.* at 19–20.) Malawi contends any criminal or civil action would be initiated before a High Court of Malawi.[1] (*Id.* at 20.)

---

[1] The High Court of Malawi, established by Section 108 of Malawi's Constitution, "has unlimited original jurisdiction to hear and determine any civil or criminal proceedings under any law[.]" https://judiciary.mw/courts/high-court; *see ZF Auto. US, Inc. v. Luxshare, Ltd.*, 596 U.S. 619, 639 (2022) (A governmental adjudicative body exercising authority conferred by a nation constitutes a "foreign or international tribunal" for purposes of Section 1782).

To establish the discovery sought is "for use" in a foreign proceeding, an applicant must demonstrate that it has "the procedural right to submit the requested documents" to the foreign tribunal. *In re McKillen*, Case No. 2:24–mc–62–JFW–PD, 2024 WL 3679548 at *3 (C.D. Cal. Jul. 30, 2024), quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d 121, 132 (2d Cir. 2017). However, the applicant "is not required to demonstrate that the information sought is discoverable or admissible in the foreign proceedings." *Id.*, citing *In re Request for Judicial Assistance from the Seoul Dist. Criminal Court*, 555 F.2d 720, 723 (9th Cir. 1977). "Instead, the district court should consider 'the practical *ability* of an applicant to place a beneficial document – or the information it contains – before a foreign tribunal.'" *Id.*, quoting *In re Accent Delight Int'l Ltd.*, 869 F.3d at 131. Here, Malawi argues the Attorney General has the right, under Malawian law, to submit evidence to the High Court. (Dkt. No. 1 at 19.)

Section 1782(a) does not limit the provision of judicial assistance only to "pending" or "imminent" adjudicative proceedings as long as the proceeding is "within reasonable contemplation." *Intel*, 542 U.S. at 259. Based on the evidence submitted to the Court, Malawi has initiated an investigation into alleged wrongdoing concerning the Chimwadzulu mine, and is seriously contemplating civil and criminal proceedings. *Id.* at 258–259 (rejecting the view that a proceeding that has "not progressed beyond the investigative stage" does not qualify for discovery under Section 1782). As such, the Court concludes the discovery sought is for use in a proceeding before a foreign tribunal.

        3.  <u>Whether Respondent is Found in the Western District</u>

Malawi contends Columbia Gem is found in the Western District of Washington. (Dkt. No. 1 at 17–18.) Malawi cites a copy of Columbia Gem's business information page from the State of Washington's Corporations and Charities Filing System, which indicates Columbia Gem

maintains its principal office in Vancouver, Washington. (Dkt. No. 2 at 37.) For purposes of Section 1782, a business entity is "found" in the judicial district where it is incorporated or headquartered. *See Illumina Cambridge Ltd. v. Complete Genomics, Inc.*, Case No. 19-mc-80215-WHO(TSH), 2020 WL 820327, at *3 (N.D. Cal. Feb. 19, 2020) (collecting cases). Here, Malawi has presented evidence that Columbia Gem has its headquarters in the Western District and maintains an office here, so the Court concludes it is "found" in Western District for purposes of Section 1782.

Accordingly, the Court finds the statutory requirements for granting Malawi's Section 1782 application are met.

### B. Discretionary *Intel* Factors

"[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. To determine whether it should exercise its discretion to grant a Section 1782 application, the court considers the following four non-exclusive factors: "(1) whether the application seeks discovery from a party that is a participant in the foreign proceeding, (2) the nature of the proceeding and that tribunal's receptivity to the requested discovery, (3) whether the request attempts to circumvent foreign discovery restrictions or policies, and (4) whether the request is unduly burdensome or intrusive." *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013), citing *Intel*, 542 U.S. at 264–265.

    1. <u>Participation in the Foreign Proceeding</u>

Malawi argues this factor weighs in favor of granting its application because Columbia Gem is not expected to be a participant in the contemplated criminal proceedings. (Dkt. No. 1 at 21.) "[W]hen the person from whom discovery is sought is a participant in the foreign

proceeding . . . the need for § 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad. A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." *Intel*, 542 U.S. at 264. "[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel*, 542 U.S. at 264.

Here, the Court finds that Columbia Gem's status as a non-participant in the contemplated proceedings, and the fact that it is outside the jurisdiction of Malawi's courts, weigh in favor of granting Malawi's application.

### 2. Receptivity of the Foreign Tribunal to Judicial Assistance

Malawi argues the second *Intel* factor weighs in its favor because a High Court in Malawi would likely accept the evidence obtained from its application in both civil and criminal proceedings. (Dkt. No. 1 at 22–23.) Malawi contends its High Court does not have any procedural bars to the submission or use of evidence obtained though foreign discovery proceedings as long as it is relevant to the domestic case. (*Id.*) Attorney General Chakaka-Nyirenda asserts that while there do not appear to be any cases where the High Court of Malawi has accepted and/or used evidence from the United States, the High Court recently considered evidence obtained from the National Crime Agency of the United Kingdom and asserted it would be receptive to using evidence lawfully obtained from other jurisdictions. (Dkt. No. 2 at 26; 718.)

Here, based on the evidence presented, courts in Malawi appear willing to consider evidence from foreign jurisdictions under certain circumstances, and "[i]n the absence of authoritative proof that a foreign tribunal would reject evidence obtained with the aid of § 1782,

courts tend to err on the side of permitting discovery." *In re McKillen*, 2024 WL 3679548 at *5. Accordingly, this factor weighs in favor of granting Malawi's application.

### 3. Circumvention of Foreign Proof-Gathering Restrictions

Malawi argues the third *Intel* factor weighs in favor of granting its application because there is nothing under Malawian law that prevents parties from obtaining evidence abroad and the discovery request is narrowly tailored to access probative evidence. (Dkt. No. 1 at 23.)

The third *Intel* factor asks whether the discovery request is an "attempt to circumvent proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 264–265. An applicant "seeks to circumvent foreign discovery restrictions when it seeks discovery that cannot be obtained because the foreign jurisdiction or tribunal prohibits the discovery of those documents." *HRC-Hainan Holding Co., LLC v. Yihan Hu*, Case No. 19-MC-80277-TSH, 2020 WL 906719, at *10 (N.D. Cal. Feb. 25, 2020).

The Court does not have any reason to believe that Malawi's discovery request is an attempt to undermine Malawi's foreign discovery restrictions or policies. There is no evidence that Malawi's courts prohibit the discovery sought in this case. Accordingly, this factor weighs in favor of granting Malawi's application.

### 4. Intrusiveness of the Requests

With respect to the fourth *Intel* factor, Malawi argues there is nothing intrusive or burdensome about its request for records and testimony generated in the ordinary course of Columbia Gem's business. (Dkt. No. 1 at 23.) Malawi contends the information sought by its proposed subpoenas is "modest in scope, targeted, and tightly restricted to the needs of the contemplated criminal and civil proceedings before the High Court of Malawi for which it is sought." (*Id.*)

ORDER REGARDING APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 8

"Requests are unduly intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad 'fishing expedition' for irrelevant information." *In re Ex Parte Application of Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). In evaluating this factor, district courts apply the standards of Federal Rule of Civil Procedure 26. *In re Sailed Tech.*, 2023 WL 3568151, at *6. Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Proportionality depends on "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Malawi's proposed subpoenas seek from Columbia Gem a wide range of documents related to its investigation. (Dkt. No. 3 at 24–27.) Malawi also seeks deposition testimony pursuant to Rule 30(b)(6) concerning numerous topics related to Columbia Gem's business dealings. (*Id.* at 32–33.) The information sought by Malawi appears tailored to its investigation into the Chimwadzulu mine, and the Court cannot say, at this stage, that the discovery requests are unduly intrusive or burdensome.

As such, the fourth *Intel* factor weighs in favor of granting Malawi's application.

**C.  *Ex Parte* Application**

Finally, Malawi contends ex parte relief is both proper and justified in this case. (Dkt. No. 1 at 24.) Here, the Court finds nothing problematic about the ex parte nature of Malawi's application. *See In re Republic of Ecuador*, Case No. C-10-80225, 2010 WL 3702427, at *2 (N.D. Cal. Sept. 15, 2010) (noting applications pursuant to 28 U.S.C. § 1782 are frequently granted ex parte and finding that "[w]here, as here, the application is for the issuance of

subpoenas, no substantial rights of the subpoenaed person are implicated by such action, as the subpoenaed person, once served, is entitled to move to quash or modify the subpoenas").

### IV.  ORDER

The Court finds that Malawi's application satisfies both the statutory Section 1782 criteria and the discretionary *Intel* factors.  The Court therefore GRANTS Malawi's application as follows:

1. Malawi is authorized to issue and serve a subpoena for the production of documents on Columbia Gem House, Inc. ("CGH"), in substantially the same form of the proposed subpoena attached as Exhibit 1 to the Bonanno Declaration;

2. Malawi is authorized to issue and serve a subpoena for deposition testimony from a corporate designee from CGH, in substantially the same form of the proposed subpoena attached as Exhibit 2 to the Bonanno Declaration;

3. Malawi is authorized to issue and serve a subpoena for deposition testimony from Eric Braunwart, in substantially the same form of the proposed subpoena attached as Exhibit 3 to the Bonanno Declaration;

4. Malawi's counsel must serve CGH with a copy of this Order and all papers upon which it was based together with the subpoenas discussed in the preceding paragraphs, and file an affidavit of service with the Court;

5. CGH shall serve any objection to the subpoena for the production of documents within fourteen (14) days of service of the subpoena, as required under Rule 45 of the Federal Rules of Civil Procedure;

6. CGH must complete this document production within thirty (30) days of the service of the subpoena;

7. CGH is directed to request its Importer Trade Activity ("ITRAC") information from U.S. Customs and Border Protection, within fourteen (14) days of service of this subpoena, with all costs and expenses associated with this request directed to and paid for by Malawi;

8. Until further order by this Court, CGH shall preserve all documents and evidence, electronic or otherwise, in its possession, custody, or control that contain information potentially relevant to the subject matter of Malawi's document requests, as set forth in the document subpoena. CGH shall not file any documents produced in response to the subpoena with this Court absent leave of the Court;

9. CGH must make a corporate designee available for a deposition and be deposed by Malawi's counsel pursuant to the subpoena for deposition testimony within sixty (60) days of the service of the subpoena;

10. Eric Braunwart must make himself available for a deposition and be deposed by Malawi's counsel pursuant to the subpoena for deposition testimony within sixty (60) days of the service of the subpoena;

11. This Court shall retain such jurisdiction as is necessary to effectuate the terms of these subpoenas;

12. Any depositions in this case shall be scheduled in Vancouver, Washington.

Any information Applicant obtains pursuant to the subpoenas may be used only for purposes of the Malawi proceedings. Applicant shall not release such information or use it for any other purpose, absent an order from this Court authorizing such release or use.

ORDER REGARDING APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 11

Dated this 23rd day of May, 2025.

David G. Estudillo
United States District Judge

ORDER REGARDING APPLICATION TO CONDUCT DISCOVERY PURSUANT TO 28 U.S.C. § 1782 - 12