SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>                              Plaintiff,<br>v.<br>COLUMBIA GEM HOUSE et. al.,<br><br>                             Defendants. | Case No. 3:25-mc-05001-DGE *SEALED*<br><br>**MOTION TO UNSEAL** |

**PLAINTIFF'S MOTION TO UNSEAL [SUBMITTED UNDER SEAL]**

# SEALED PER COURT ORDER

```
_____ FILED   _____ LODGED
         _____ RECEIVED

         JUL 23 2025

      CLERK U.S. DISTRICT COURT
BY WESTERN DISTRICT OF WASHINGTON AT TACOMA
                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>                                    Plaintiff,<br><br>v.<br><br>COLUMBIA GEM HOUSE et. al.,<br><br>                                    Defendants. | NO. 3:25-MC-05001-DGE<br><br>**MOTION TO UNSEAL**<br>**(ORAL ARGUMENT REQUESTED)**<br><br>**NOTED FOR HEARING:**<br>**AUGUST 13, 2025**<br><br>**SEALED** |

## I. INTRODUCTION

The Republic of Malawi ("**Applicant**" or "**Malawi**")[1], by and through its undersigned counsel, Seiden Law LLP, respectfully requests this Court to unseal the above-captioned case in its entirety. Given the history and circumstances of this case, unsealing is warranted because there is no compelling reason justifying sealing, there is no confidential information in any of the court filings, and the First Amendment right to access court cases and records supports

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as defined in Malawi's 28 U.S.C. § 1782 application to conduct discovery and obtain documentary evidence for use in contemplated foreign criminal and civil proceedings. (Dkt. No. 1). All references to "**AG Decl.**" and "**Bonanno Decl.**" are to paragraphs of the declarations of Malawi's Attorney General Thabo Chakaka-Nyirenda and MarcAnthony Bonanno, respectively, filed contemporaneously herewith. All emphasis is added; all internal quotations and citations are omitted.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 1

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

unsealing. In support of this motion, Malawi submits the Declarations of MarcAnthony Bonanno and Thabo Chakaka-Nyirenda, and a proposed order.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 11, 2025, Malawi filed its *ex parte* Application pursuant to 28 U.S.C. § 1782 seeking to conduct discovery for use in foreign proceedings from Columbia Gem House, Inc. ("**Columbia Gem**") and Mr. Eric Braunwart ("**Braunwart**," together with Columbia Gem "**Respondents**"). (Dkt. No. 1); Bonanno Decl. ¶ 2. At the time of filing the Application, Malawi did not move or request the above-captioned case to be sealed. (Dkt. No. 1); Bonanno Decl. ¶ 2. On April 14, 2025, the Court *sua sponte* sealed the above-captioned case in its entirety. Bonanno Decl. ¶ 2.

On May 23, 2025, the Court granted the Application, authorizing Malawi to issue and serve subpoenas for the production of documents and deposition testimony from Columbia Gem, as well as to issue and serve a subpoena to take deposition testimony from Mr. Braunwart (collectively, the "**Court's Order**"). (Dkt. No. 8 at 10); Bonanno Decl. ¶ 3. The Court's Order was filed under seal and was mailed to Malawi's counsel of record. (Dkt. No. 8); Bonanno Decl. ¶ 3.

On June 4, 2025, Malawi served Mr. Braunwart with, *inter alia*, a subpoena for his deposition testimony. Bonanno Decl. ¶ 4, Ex. 1. On June 10, 2025, Malawi served Columbia Gem with, *inter alia*, subpoenas for the production of documents and deposition testimony at its principal place of business. Bonanno Decl. ¶ 5, Ex. 1. On June 17, 2025, counsel for Columbia Gem, Markowitz Herbold PC[2] ("**Markowitz**"), first contacted Malawi's counsel. Bonanno Decl. ¶ 7. Also on June 17, the parties telephonically met and conferred and agreed to extend the

---

[2] As of June 17, 2025, Markowitz was not yet individually retained by Mr. Braunwart. On July 2, 2025, Markowitz confirmed that they are also representing Mr. Braunwart in this matter. Bonanno Decl. ¶ 8.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 2

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1  deadline for Columbia Gem to provide responses and objections to Malawi's subpoenas to July
2  1, 2025. Bonanno Decl. ¶¶ 7-8.
3       On July 1, 2025, Columbia Gem served Malawi with its objections to Malawi's subpoena
4  *duces tecum* and informed Malawi by letter that it intends to move to vacate the Court's Order
5  or, in the alternative, to quash Malawi's subpoena *duces tecum* and seek a protective order
6  against Malawi's subpoenas for deposition testimony (collectively, the "**Omnibus Motion to**
7  **Vacate**"). Bonanno Decl. ¶ 9. On July 7, 2025, the parties met and conferred by Zoom. Bonanno
8  Decl. ¶ 10. At that meet and confer, Malawi asked Respondents if, in lieu of filing the Omnibus
9  Motion to Vacate, they would be willing to negotiate the scope of the subpoenas and make a
10 production in accordance with a negotiated agreement. Bonanno Decl. ¶ 10. After a brief
11 discussion explaining Respondents' reluctance, Respondents' counsel indicated that his clients
12 would likely not be open to such an arrangement. Bonanno Decl. ¶ 10. Thereafter, the parties
13 agreed to a modified briefing schedule and agreed to stay all discovery pending the resolution of
14 the Omnibus Motion to Vacate. Bonanno Decl. ¶¶ 10-11. On or about July 11, 2025, the parties
15 filed a stipulated motion to modify the briefing schedule and discovery deadlines, along with a
16 proposed order filed contemporaneously for Your Honor's consideration. Bonanno Decl. ¶ 11.
17 On July 15, 2025, the Court entered an order approving the modified briefing schedule and
18 discovery deadlines. (Dkt. No. 13); Bonanno Decl. ¶ 12.
19      Also, at the July 7 meet and confer, Malawi asked if Respondents would consent to
20 unsealing this case. Bonanno Decl. ¶ 13. Respondents' counsel indicated that they would need to
21 speak with their clients first. Bonanno Decl. ¶ 13. On July 14, 2025, Respondents confirmed that
22 they would not consent to unsealing this matter. Bonanno Decl. ¶ 14, Ex. 2.

### III.  LEGAL STANDARD

24     Pursuant to Local Civil Rule 5(g)(7), when the court seals a case or document, then it
25 remains under seal until further order of the court. LCR 5(g)(7). Further, Local Civil Rule 5(g)(8)
26 authorizes a party to file a motion to unseal. LCR 5(g)(8). The standard for unsealing mirrors the

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 3

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

standard for sealing. *Cal. Expanded Metal Prods. Co. v. Klein*, 2020 U.S. Dist. LEXIS 184872, at *3 (W.D. Wash. Oct. 5, 2020) (citing *Perez v. Lantern Light Corp.*, No. C12-1406RSM, 2017 WL 2172012, at *2 (W.D. Wash. May 17, 2017)). Likewise, the standard for sealing and unsealing a 28 U.S.C. § 1782 petition mirrors the standard for sealing any document or case. *Matter of Lufthansa Technick AG*, No. C17-1453-JCC, 2021 WL 3174666, at *1 (W.D. Wash. June 22, 2021) (the court granted a motion to seal in 28 U.S.C. § 1782 context by applying the "compelling reasons" standard); *In re Mut. Assistance of Loc. Ct. of Wetzlar, Germany*, No. 1:17-MC-00078-SKO, 2018 WL 306678, at *1 (E.D. Cal. Jan. 5, 2018) (same, but applying the "good cause" standard). "When deciding a motion to seal or unseal, courts start with a strong presumption in favor of access to court records." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)); LCR 5(g). The "strong presumption" in favor of public access to judicial records is based on "the need for federal courts…to have a measure of accountability and for the public to have confidence in the administration of justice." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)). That presumption also applies to 28 U.S.C. § 1782 petitions, such as this one. When a motion to unseal is filed, the burden is not on the movant who seeks to unseal, but "rather the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1182 (9th Cir. 2006).

## IV.   ARGUMENT

The Court should unseal the case in its entirety. Unsealing is particularly appropriate where, as here, there is no compelling reason justifying sealing, there is no confidential information in any of the court filings, and the First Amendment right to access court cases and records supports unsealing.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 4

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

As set forth below, the Court should unseal the case in its entirety.

A. **The Case Should Be Unsealed Because Respondents Have Not Met Their Burden.**

It is well established that the public has a right to access court records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597, 98 S. Ct. 1306, 1311, 55 L. Ed. 2d 570 (1978); *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th 2016). Typically, "[w]here the moving party seeks to seal a dispositive motion and any attached documents, the presumption in favor of disclosure may be overcome if the moving party presents a compelling reason to seal." *WatchGuard Techs., Inc. v. iValue Infosolutions Pvt. Ltd.*, No. C15-1697-BAT, 2017 WL 3581624, at *1 (W.D. Wash. Aug. 18, 2017) (citing *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). However, when the moving party seeks to seal materials of a non-dispositive motion (*i.e.*, a discovery motion), "the moving party need only show good cause." *Id.* (citing *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010)). The *9th Circuit treats 28 U.S.C. § 1782 applications as dispositive motions* because a ruling on the § 1782 application "necessarily [grants or] disposes of the ultimate relief sought in the federal case." *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 808 (9th Cir. 2022). Therefore, when moving to seal a § 1782 petition, the party seeking to seal must satisfy the compelling reason standard to seal the case.

To overcome the "strong presumption" that court records are open to the public, a party seeking to seal must demonstrate "compelling reasons" for secrecy "supported by specific factual findings" that "outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178. "This [is a] stringent standard." *Center for Auto Safety*, 809 F.3d at 1096. Court records may not be sealed on the basis of "hypothesis or conjecture." *Id.* at 1097. Conclusory assertions of harm are not enough. *Kamakana*, 447 F.3d at 1182. To seal court records, a party must, for each document it seeks to seal, provide specific facts demonstrating the specific harm that will result if the document is not kept secret. *Id.* at 1178. And it must show that this harm outweighs the public interest in access. *Id.* Even then, any

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 5

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

sealing must be narrowly tailored and the court must "base its decision on a compelling reason and articulate the factual basis for its ruling." *Id.* at 1179; *TVIIM, LLC v. McAfee, Inc.*, No. 13-CV-04545-HSG, 2015 WL 3623656, at *3 (N.D. Cal. June 10, 2015). In general, compelling reasons sufficient to outweigh the public's interest in disclosure and justifying sealing court records exists when such "court files might [] become a vehicle for improper purposes," such as the use of records to "gratify private spite or promote public scandal," circulate libelous statements, or release trade secrets. *Nixon*, 435 U.S. at 598. However, "*[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records.*" *Kamakana*, 447 F.3d at 1179; *see also Brown & Williamson Tobacco Corp. V. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983) (recognizing that the risk of reputational harm is not sufficient to overcome the strong presumption in favor of public access); *Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007) (finding that a litigant's fear of embarrassment or harm to his reputation is not sufficient to overcome the strong presumption of public access).

Here, the Court *sua sponte* sealed the entire case at inception, before any party requested that the case be sealed and without any briefing on whether sealing is appropriate under the circumstances. As the record now stands, no factual basis or compelling reason to justify sealing the case has been articulated. Nor is sealing the entire case "narrowly tailored." *See U.S. v. Thompson*, 2022 WL 4321010, at *3 (W.D. Wash. Sept. 19, 2022) (holding that sealing key evidence in its entirety was not a narrowly tailored remedy because the Court failed to explain "why a less sweeping alternative, such as redaction" was not satisfactory). *More importantly*, to date no party, including Columbia Gem and Mr. Braunwart, has ever articulated a single compelling reason to keep the case sealed. In fact, when Malawi asked if Columbia Gem and Mr.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 6

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

Braunwart would consent to unsealing the case, counsel only reported that Respondents "oppose[] unsealing the case."[3] Bonanno Decl. ¶ 14, Ex. 2.

Accordingly, the Court should find that there is no compelling reason to seal the above-captioned case and should unseal this matter in full.

B. **There Is No Identifiable Information That Requires the Court to Seal the Entire Case.**

There are two categories of documents that have been traditionally kept secret by courts: grand jury transcripts and warrant materials. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989). If a particular court record is not one that is "traditionally been kept secret," a strong presumption in favor of access is the starting point. *Foltz* 331 F.3d at 1134. The party wanting to keep a record confidential must "articulate[] compelling reasons supported by specific factual findings." *Id.* at 1135.

Here, none of the materials contained in the Application fall within the two categories of documents that have been traditionally kept secret. Further, as set forth above, neither Columbia Gem nor Mr. Braunwart have asserted that any of the materials submitted in this case are confidential or trade secrets. Even so, confidentiality by itself is not sufficient to seal court records–never mind an entire case. A party seeking to seal court records must show that disclosure of confidential information will result in a specific harm. *Ingram v. Pac. Gas & Elec. Co.*, No. 12-CV-02777-JST, 2013 WL 5340697, at *3 (N.D. Cal. Sept. 24, 2013). As discussed above, neither Columbia Gem nor Mr. Braunwart have asserted that any of the materials submitted in this case are confidential and would result in a specific harm. To the extent that any such confidential information exists and any specific harm is identified with respect to those confidential pieces of information, there is no compelling reason why a less broad remedy, such as redaction, is not a sufficient remedy or protection.

---

[3] To the extent Respondents do not formally oppose this motion, Malawi reserves its right to seek attorneys' fees and costs associated with the filing of this motion to unseal.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 7

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

C. **The First Amendment Right of Access to Court Proceedings and Records, and the Public's Interest in the Case Supports Unsealing.**

There is a long standing First Amendment right of access to court proceedings and documents. *Civ. Beat L. Ctr. for Pub. Interest, Inc. v. Maile*, 117 F.4th 1200, 1207 (9th Cir. 2024) (citing *Courthouse News Serv. v. Planet*, 947 F.3d 581, 589 (9th Cir. 2020)). This right "enhances both the basic fairness of the [proceeding] and the appearance of fairness so essential to public confidence in the system, and forms an indispensable predicate to free expression about the workings of government." *Id.* (quoting *Courthouse News Serv.*, 947 F.3d at 589). This right is not absolute and led the Supreme Court to adopt the experience and logic test to determine whether the First Amendment grants the public a right to access a particular judicial proceeding. *Id.* (citing *Forbes Media LLC v. U.S.*, 61 F.4th 1072, 1077 (9th Cir. 2023)). To determine whether the First Amendment grants the public a presumptive right of access to a judicial proceeding or record, "we consider (1) whether that proceeding or record ha[s] historically been open to the press and general public and (2) whether public access plays a significant positive role in the functioning of the particular [governmental] process in question." *Id.* (quoting *Courthouse News Serv.*, 947 F.3d at 590).

As to the first prong of the experience and logic test, there is nationwide consensus "that the First Amendment right of access 'reaches civil judicial proceedings and records.'" *Id.* at 1208. Further, the First Amendment right of access attaches to 28 U.S.C. § 1782 proceedings. *In re Application of Storag Etzel GmbH for an Ord., Pursuant to 28 U.S.C. § 1782, to Obtain Discovery for Use in a Foreign Proceeding*, No. CV 19-MC-209-CFC, 2020 WL 2949742, at *16 (D. Del. Mar. 25, 2020), *report and recommendation adopted in part sub nom. In re Storag Etzel GmbH*, No. 19-MC-209-CFC, 2020 WL 2915781 (D. Del. June 3, 2020).

As to the second prong of the experience and logic test, public access plays a significant role in the exercise of Article III judicial power to decide dispositive motions. *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995). Documents submitted in connection with dispositive motions are entitled to a "strong presumption of access." *Lugosch*, 435 F.3d at 121.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 8

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

As set forth above, the 9th Circuit treats 28 U.S.C. § 1782 applications as dispositive motions because a ruling on a § 1782 application "necessarily [grants or] disposes of the ultimate relief sought in the federal case." *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 808. Therefore, the Court should find that both prongs of the experience and logic test weigh in favor of granting the public a presumptive right of access to this case, which warrants unsealing this case in full.

Additionally, and at a minimum, the citizens of Malawi have a strong interest in the investigation into Chimwadzulu Mine and this case, which further supports unsealing. *See In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litigation,* 101 F.R.D. 34, 38 (C.D. Cal. 1984) ("the interest in access to court proceedings in general may be asserted more forcefully when the litigation involves matters of significant public concern."). Here, the unknown role of Columbia Gem, the uncertain amounts owed to Malawi in unpaid taxes and royalties arising out of the mining of Chimwadzulu Mine, the unidentified wrongdoers, and the investigation of potential claims relating to those unpaid taxes and royalties are of grave importance to the people of Malawi, which can be seen in media reports. AG Decl. ¶¶ 7, 11-12; AG Decl. Ex. 1. In fact, a recently published article in the *Nation Online*–an online newspaper based in Malawi–not only reaffirms the Malawian public's interest in the matter, but demonstrates the need for the Court to unseal this case so that the public can better understand the procedural posture of the Application and the content of Malawi's declarations that were submitted to this Court under oath, and to ensure the public has access to the verified opinion of the Court and its records. *See EEOC v. Erection Co., Inc.*, 900 F.2d 168, 170 (9th Cir. 1990) (holding that preserving access to judicial rulings advances the "public interest in understanding the judicial process."); *Lowenschuss v. West Pub. Co.*, 402 F. Supp. 1212, 1216 (E.D. Penn. 1975), *aff'd*, 542 F.2d 180 (3d Cir. 1976) ("The growth and development of the law, and indeed the day to day operation of the entire judicial system, depend in large measure upon the general availability of accurate copies of judicial opinions."); *cf.* Bonanno Decl. ¶ 15 (currently interested persons are only given access to this case (and possibly the Court's decision) by

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

accessing the records on unofficial third-party websites and they cannot guaranteed to be accurate or authenticate).

Consequently, the Court must find that both the First Amendment right to access judicial proceedings and records, and the public's strong interest in the present case, support unsealing this case in full.

## V. CONCLUSION

For the foregoing reasons, this Court should unseal the above-captioned case in its entirety.

DATED this 23nd day of July, 2025.

**BYRNES KELLER CROMWELL LLP**

By /s/ Keith D. Petrak
Keith D. Petrak, WSBA #19159
1000 Second Avenue, 38th Floor
Seattle, Washington 98104
Tel: 206-622-2000
Email: kpetrak@byrneskeller.com

**SEIDEN LAW LLP**

By /s/ MarcAnthony Bonanno
Amiad Kushner (*pro hac vice*)
MarcAnthony Bonanno (*pro hac vice*)
322 Eighth Avenue, Suite 1200
New York, NY 10001
Email: akushner@seidenlaw.com
          mbonanno@seidenlaw.com
***Attorneys for Plaintiff***

**CERTIFICATION:** The above signature also certifies that this memorandum contains 3,140 words, in compliance with the Local Civil Rules.

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 10

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 23rd day of July, 2025, I filed the foregoing with the Clerk of the Court via hand delivery by courier. Notification of such filing to all counsel on record in the matter will be sent by electronic mail.

/s/ Keith D. Petrak
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
Facsimile: (206) 622-2522
kpetrak@byrneskeller.com

MOTION TO UNSEAL (3:25-MC-05001-DGE) - 11

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000