Hon. David G. Estudillo

FILED ___ LODGED ___ RECEIVED
AUG 14 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA GEM HOUSE et. al.,<br><br>Defendants. | Case No. 3:25-mc-05001-DGE *SEALED*<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL**<br><br>**FILED UNDER SEAL** |

## I.  INTRODUCTION

Columbia Gem House is a small, family-run, Vancouver business that supplies gemstones to premier jewelers. In 2007, Columbia Gem House agreed to work with a mining company in Malawi to be its wholesaler of gemstones from the Chimwadzulu Mine. The wholesaler agreement turned out to be a bad investment for Columbia Gem House. Few viable gemstones came from the mine, and mining operations were paused for long periods, before finally ceasing in 2017 altogether.

Along the way, the Malawi government attempted to extort money from Columbia Gem House and its owner, Eric Braunwart, based on a false 2014 report that claimed they had plundered Malawi's gemstones and owed Malawi over $300 billion in taxes and royalties. Malawi used the report to pressure Columbia Gem House to provide information—which Columbia Gem House did in 2017. Then, in 2021, Malawi sent a demand letter to Columbia Gem House that contained the same false information as the 2014 report. Columbia Gem House responded; but new demands based on false information continued to arise. By 2025, it had

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 1**
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1   become clear that Malawi's efforts were not only about extortion—but were also meant to
2   influence Malawi's September 2025 election.

3   In April 2025, Malawi filed an *ex parte* application under 28 U.S.C. § 1782 for an order
4   seeking discovery from Columbia Gem House. Among other problems, Malawi's application
5   failed to disclose that Columbia Gem House was the target of threatened—and illegitimate—
6   criminal and civil prosecution in Malawi. Malawi also failed to tell the Court that the U.S.
7   Geological Survey had corrected errors in a report that Malawi had used to support key points of
8   its motion. Based on the *ex parte* submissions, this Court granted Malawi's application and
9   entered a *sua sponte* order sealing this case and its filings.

10  Unfortunately, the Court's order did not stop Malawi from disclosing the Court's ruling
11  to the Malawian media. In July 2025, a Malawian news website published an article that quoted
12  a portion of the Court's order verbatim and reported that the Court had given "a nod" to Malawi
13  to pursue criminal proceedings against Columbia Gem House. Ostensibly to get ahead of the
14  problem, Malawi then filed its motion to unseal—just a few days before the date the parties
15  agreed Columbia Gem House and Mr. Braunwart would file their motion to vacate the Court's §
16  1782 order. (*Compare* 7/23/25 Motion to Unseal *with* Defs.' Unopposed Mot. for Leave of
17  Court to File Over-Length Mot. to Vacate § 1782 Order, Quash Subpoena, and Issue Protective
18  Order (Dkt. No. 14.).)

19  Malawi has already shown that it will use and misconstrue this Court's records and orders
20  to perpetuate an ongoing false scandal about Columbia Gem House and advance Malawian
21  officials' reelection prospects. That scandal is unfounded and threatens Columbia Gem House's
22  future and the livelihood of its employees. Malawi's motion to unseal should be denied, except
23  to the extent that the Court's records are provided to United States officials for purposes of
24  working to resolve Malawi's targeting of Columbia Gem House through official diplomatic
25  channels.

26
27

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 2**
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

## II.  FACTUAL BACKGROUND

Columbia Gem House, founded by Eric Braunwart almost 50 years ago, has been a pioneer in ethical and transparent jewelry and gemstone manufacturing. (Decl. of Eric Braunwart in Supp. of Mot. to Vacate ("Braunwart Decl.") ¶¶ 2-3.) Columbia Gem House worked with companies mining the Chimwadzulu Mine in Malawi from the early 2000s until 2017.

Despite Mr. Braunwart's hopes that the Chimwadzulu Mine would be a commercial success, it produced mostly poor quality corundum.[1] (*Id.* ¶ 7; Decl. of Chad Colton in Supp. of Mot. to Vacate ("Colton Decl.") Ex. 1.) Consequently, every kilo (or 5,000 carats) of corundum from the Chimwadzulu Mine yielded only 30-45 carats of sellable gemstones. (Braunwart Decl. ¶¶ 6-7.) Slowing production even further, the Chimwadzulu Mine was essentially shut down for two years while Nyala Mines Ltd., the company mining the Chimwadzulu Mine, was involved in litigation with a rival company. (Braunwart Decl. ¶ 7.) Columbia Gem House ended its business venture in Malawi in 2017. (*Id.* ¶¶ 7-8.)

During that time period, mining became a hot button political, legal, and economic issue in Malawi. (Colton Decl. Ex. 2.) Malawi's economy is in a "deep and protracted crisis" with economic growth rates dropping from 4.1 percent (2011-2019) to 2.2 percent since 2020. (Colton Decl. Ex. 3.) Worsening that crisis, Malawi has experienced significant government corruption and national debt. (Decl. of Thabo Chakaka-Nyirenda in Supp. of an Appl. for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Disc. or Use in a Foreign Proceeding ("Chakaka-Nyirenda Decl.") (Dkt. No. 2) ¶ 96; Colton Decl. Exs. 2, 4.) The Malawian government has searched for ways to pay down the national debt and emulate the success of neighboring countries' mineral sectors—*i.e.*, making use of resources or collecting taxes from foreign companies. (Colton Decl. Ex. 2.)

---

[1] Corundum is a hard mineral from which rubies and sapphires are cut and also has low-value industrial applications like grinding wheels, sawblades, and sandpaper. (Braunwart Decl. ¶ 4.) While pure corundum is colorless, it has a variety of colors, with ruby (red) and sapphire (all other colors) being the most well-known gem varieties. (*Id.*)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 3**
**Case No. 3:25-mc-05001-DGE**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1    As Malawi's social and economic issues played out, Columbia Gem House found itself as the target of the government and private sectors in Malawi. (Braunwart Decl. ¶ 10.) First, in 2011, Mr. Braunwart received a series of emails from an executive of a Malawian company called Mgodi Ltd., claiming it would issue a report about Malawi's ruby and sapphire exports and demanding confidential business information from Columbia Gem House. (*Id.* ¶ 11, Ex. 3.) Mr. Braunwart sensed the start of a shakedown and did not provide the information. (*Id.* ¶ 10, Ex. 3 at 1 and 3.) Mgodi again demanded proprietary information from Columbia Gem House in 2013, and Columbia Gem House again refused to provide it to Mgodi. (Braunwart Decl. ¶ 11, Ex. 4.)

Mgodi then issued its report (the "Mgodi Report") in 2014. (*Id.* ¶ 12, Ex. 5.) The Mgodi Report claimed—without citation to any evidence—that foreign "syndicates" had plundered Malawi's gemstones for years, taking billions of dollars that belonged to the Malawian people, and urged Malawi to "reclaim its rightful economic independence" and recover "billions of U.S. dollars" through, among other measures, litigation and collecting tax revenue from foreign entities who had sold Malawi gemstones. (*Id.* at 1, 2, 17.) The Mgodi Report then identified— again without any evidence—Mr. Braunwart and Columbia Gem House as prime examples of foreigners who had absconded with Malawian wealth and even asked Malawi to take action against Mr. Braunwart. (*Id.* at 9, 18.) The Mgodi Report relied on a report by the U.S. Geological Survey ("USGS") that incorrectly stated that Nyala Mines was a subsidiary of Columbia Gem House (USGS has since corrected its error). (*Id.* at 9, Exs. 6-7.) The Mgodi Report claimed that Malawi was owed *$309,600,000,000* in taxes and royalties by Columbia Gem House and Nyala Mines for ruby and sapphire exports. (Braunwart Decl. Ex. 5 at 16.)

Despite extensive and obvious errors in the Mgodi Report, the Malawian government has repeatedly used the report to target Columbia Gem House and stoke public controversy. Malawi's efforts to target Columbia Gem House started on February 6, 2017, when Malawi's Director of Tax Investigations contacted Columbia Gem House, demanding details of its sales from Nyala Mines. (*Id.* ¶ 17, Ex. 9.) Columbia Gem House provided sales records, and Malawi

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 4**
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1  then seemingly dropped the issue. (*Id.* ¶ 17, Ex. 10.) But a few years later, on August 19, 2021, Columbia Gem House received another demand letter from the Malawian Minister of Finance. (*Id.* ¶ 18, Ex.11.) Like the Mgodi Report, the Minister of Finance's demand letter misused the USGS information, claimed that Columbia Gem House is the owner of Nyala Mines, and claimed that "the minimum total sum of revenue lost by the Malawi Government is US $309,600,000,000.00." (*Id.* Ex. 11 at 4.) With the assistance of counsel and the U.S. Embassy in Malawi, Mr. Braunwart responded to the demand letter to try to clear up the inaccuracies in the Mgodi Report. (*Id.* ¶ 18, Ex. 12.) The Minister of Finance did not reply to Columbia Gem House or inquire further, and Mr. Braunwart thought that the issues in Malawi were finally over. (*Id.* ¶ 18.)

Mr. Braunwart was wrong. In July 2022, Mr. Braunwart learned that the Attorney General of Malawi, Thabo Chakaka-Nyirenda, had posted a demand letter to Columbia Gem House on social media demanding $309.6 billion dollars in taxes and royalties, again using the Mgodi Report figures. (*Id.* ¶ 19, *compare* Exs. 5 and 11 *with* Ex. 13.)



**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 5**
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1  (*Id.* ¶ 19, Ex. 14.) In his letter, Mr. Chakaka-Nyirenda copied and paraphrased extensive text from the Mgodi Report, threatened Mr. Braunwart and Columbia Gem House with criminal and civil prosecution, and demanded that they pay "US $309,600,000,000.00 . . . plus interest at the commercial lending rate . . . and 15% collection costs on the said sum[.]" (*Id.* Ex. 13 at 4.)

Interestingly, Mr. Chakaka-Nyirenda did not send his letter directly to Columbia Gem House or Mr. Braunwart. He instead posted it on a Malawian election account on Twitter/X—ostensibly to generate publicity and build his public image in Malawi. (*Id.* ¶ 19, Ex. 14.) Mr. Chakaka-Nyirenda's post generated international media attention (Colton Decl. Exs. 7-10), and Mr. Chakaka-Nyirenda later followed up with statements to the press that he was ready to start legal proceedings against Columbia Gem House and would "stop at nothing to get that money back[.]" (*Id.* Ex. 9.)

Mr. Braunwart attempted to resolve the urgent situation by engaging the U.S. State Department, sending a letter to the Malawian ambassador, and sending a formal response letter to Mr. Chakaka-Nyirenda. (Braunwart Decl. ¶¶ 20-21 and Exs. 15-17.) Mr. Chakaka-Nyirenda never responded or made any effort to engage with Columbia Gem House and the U.S. State Department. (*Id.* ¶ 21.) Mr. Chakaka-Nyirenda also failed to attend two meetings arranged by the U.S. Embassy in Malawi with Columbia Gem House. (*Id.*)

For nearly three years afterward, Mr. Chakaka-Nyirenda took no action against Columbia Gem House and Mr. Braunwart. (Braunwart Decl. ¶ 22.) But then, five months before Malawi's September 2025 elections, where the Malawian people will vote whether to re-elect Malawi's President Lazar Chakwera, who appointed Mr. Chakaka-Nyirenda as Attorney General (Colton Decl. Exs. 11-12.), Mr. Chakaka-Nyirenda took action. On April 11, 2025, Malawi filed its 28 U.S.C. § 1782 application with this Court. (Dkt. No. 1.)

The Court granted Malawi's *ex parte* application and *sua sponte* sealed this case in its entirety. After receiving Malawi's discovery requests, Columbia Gem House and Mr. Braunwart filed a motion to vacate the Court's § 1782 order on the basis that Malawi filed its § 1782

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 6**
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1  application in bad faith and had failed to satisfy the factors set out in *Intel Corp. v. Advanced
2  Micro Devices, Inc.*, 542 U.S. 241, 245 (2004).

3      But before Columbia Gem House and Mr. Braunwart filed their motion, and despite the
4  Court's foresight to seal this case, Mr. Chakaka-Nyirenda and Malawi (or someone in their
5  organizations) appear to have violated the Court's order. On July 12, 2025 (shortly before the
6  September 2025 elections), a Malawian news article entitled "MW Triumphs in U.S. Court"
7  prominently featured a close-up photograph of Mr. Chakaka-Nyirenda and reported that "A US
8  district court for the Western District of Washington at Tacoma has granted Malawi a nod to
9  proceed with criminal litigation against Columbia Gem House":



(Colton Decl. Ex. 15.) The article went on to tie the Court's ruling to Mr. Chakaka-Nyirenda's July 2022 demand letter to Columbia Gem House and ***quoted from the Court's sealed order verbatim***. (*Id.*)

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 7**
**Case No. 3:25-mc-05001-DGE**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1  Malawi's counsel apparently saw the problem with the disclosure,[2] and Malawi then filed this motion to unseal the Court's records a few days before Columbia Gem House filed its motion to vacate. Although Malawi represents to this Court that it did not supply the Malawian media with those sealed records, nobody but the parties in this case had access to them or could have made them public in the URLs cited by Malawi's counsel. The Court fully sealed the case, and not even Columbia Gem House's counsel have been able to access the Court's docket and filings. (Decl. of Maria Gomez in Supp. of Defs.' Resp. to Pl.'s Mot. to Unseal ("Gomez Decl.") ¶ 2.) Moreover, the only party with any motivation to share those records with the Malawian media are the Malawian officials behind Malawi's § 1782 application. And the publication of those records—just before Malawi's elections—is entirely consistent with Mr. Chakaka-Nyirenda's long-running media campaign to show Malawian voters that he is pursuing Columbia Gem House for hundreds of billions of dollars.

Since filing defendants' motion to vacate, Mr. Braunwart has again reached out to the U.S. Department of State and the Office of the U.S. Trade Representative to use diplomatic channels to put an end to Malawi's continual targeting of Columbia Gem House. (Decl. of Eric Braunwart in Supp. of Defs.' Resp. to Pl.'s Mot. to Unseal ("Braunwart Resp. Decl.") ¶ 3.) United States officials have expressed their willingness to assist, and Robert Telchin, Director for African Affairs at the Office of the U.S. Trade Representative, has requested the briefings in this case so that the United States government can pursue a diplomatic resolution of Malawi's attacks. (*Id.*)

### III. LEGAL ARGUMENT

**A.    Legal standards.**

Generally, the public may "inspect and copy public records and documents, including judicial records and documents." *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (citation omitted). But "[e]very court has supervisory power over its own

---

[2] Defendants do not believe that Malawi's counsel were involved in the disclosure.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 8**
Case No. 3:25-mc-05001-DGE

records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 597-98 (1978).

When a party seeks to seal court records attached to a motion that "is more than tangentially related" to the case's underlying merits, the party must show that there is a "compelling reason" to do so. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). "What constitutes a compelling reason is best left to the sound discretion of the trial court." *Id.* at 1097 (cleaned up). But courts often seal records that may "become a vehicle for improper purposes," including those that may be used "to gratify private spite, promote public scandal, [or] circulate libelous statements[.]" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

**B.     There are compelling reasons to continue sealing the records in this case.**

Under the "compelling reasons" standard, Malawi's motion should be denied, except to the extent the Court's records are provided to United States officials for purposes of working through official diplomatic channels. The records in this case, if unsealed, will likely "become a vehicle for improper purposes," and may be used to "promote public scandal [or] circulate libelous statements[.]" *Id.*

In its motion to unseal, Malawi failed to address the significant media fire it has already stoked about Columbia Gem House and this case. Malawian officials have been using their false allegations about Columbia Gem House to whip up public scandal for years. They resurrected their campaign against Columbia Gem House just ahead Malawi's September 2025 election, where the Malawian people will decide whether to re-elect Malawi's President Lazar Chakwera, who appointed Mr. Chakaka-Nyirenda as Attorney General. (Colton Decl. Exs. 11-12.)

The fake scandal threatens to further tarnish Columbia Gem House's reputation and undermine its business relationships. (Braunwart Decl. ¶ 15.) Columbia Gem House has built its business around transparency and ethical industry practices. (Braunwart Resp. Decl. ¶ 4.) Malawi's ongoing media campaign claiming that Columbia Gem House smuggled gemstones out

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 9

Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

1  of the country and failed to pay over $300 billion in taxes and royalties has hurt that reputation.
2  (*Id.*) Ethical mining and gemstone extraction processes are critical to top jewelers. (*Id.*)
3  Consequently, many of Columbia Gem House's customers have expressed concerns about
4  Malawi's media statements. (*Id.*) And some customers have even refused to work with
5  Columbia Gem House after seeing the publicity around Mr. Chakaka-Nyirenda's demand letter,
6  causing Columbia Gem House to lose business. (*Id.*)

7        That problem will almost certainly worsen as Malawi uses this Court's records to
8  legitimize its defamatory statements to the Malawian media. Malawi has already shown its
9  propensity to use—and misconstrue—this Court's rulings for political purposes, as reflected in
10 the July 11, 2025 article. That article incorrectly reports that the Court gave Malawi "a nod" to
11 pursue criminal proceedings against Columbia Gem House and suggests that the Court believes
12 Malawi's accusations are well-founded. (Colton Decl. Ex. 15.) If the Court's records are
13 unsealed, Malawi will no doubt continue to spin this Court's rulings to craft a false message that
14 benefits Malawian officials' prospects in the upcoming election and beyond. In the process,
15 Columbia Gem House will likely lose even more business as its customers attempt to distance
16 themselves from the controversy. Between loss of customers and the costs of defending against
17 Malawi's legal attacks, Malawi threatens to put Columbia Gem House out of business
18 completely. (Braunwart Resp. Decl. ¶ 5.)

19       In short, Malawi wants to unseal the Court's records so that it can "promote [a] public
20 scandal" that it manufactured and "circulate libelous statements" about Columbia Gem House.
21 *Kamakana*, 447 F.3d at 1179; *see also Life Designs Ranch, Inc. v. Sommer*, 191 Wn. App. 320,
22 330 (2015) (laying out the elements for defamation under Washington law). The Court should
23 not permit Malawi to use its records and rulings for political gain, especially where it threatens a
24 United States company and the livelihoods of its workers. There are "compelling reasons" to
25 keep the records in this case sealed, and Malawi's motion should be denied.

26
27

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 10
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

## C. The First Amendment does not provide rights to citizens of Malawi.

Malawi's final argument is that the First Amendment grants the "public" the right to access judicial proceedings. But the only "public" that Malawi identifies is the "citizens of Malawi." And "it is long settled as a matter of American constitutional law that foreign citizens outside U.S. territory do not possess rights under the U.S. Constitution." *In re Team Co., Ltd.*, No. 22-mc-80183-VKD, 2023 WL 1442886 at *2 (N.D. Cal. Feb. 1, 2023) (*citing Agency for Int'l Dev. v. All. for Open Soc'y Int'l, Inc.*, 140 S. Ct. 2082, 2086 (2020)). Malawi's First Amendment argument must therefore be rejected.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Malawi's motion to unseal, except to the extent the Court's records are provided to United States officials for purposes of working through official diplomatic channels.

DATED: August 14, 2025.		MARKOWITZ HERBOLD PC

*s/ Josephine C. Kovacs*
Chad M. Colton, WSBA #49412
ChadColton@MarkowitzHerbold.com
Josephine C. Kovacs, WSBA #56461
JosephineKovacs@MarkowitzHerbold.com
1455 SW Broadway, Suite 1900
Portland, OR 97201
Telephone: (503) 295-3085
*Attorneys for Defendants*

I certify that this memorandum contains 3,139 words, in compliance with the Local Civil Rules' limit of 4,200 words.

*s/ Josephine C. Kovacs*
Josephine C. Kovacs, WSBA #56461
JosephineKovacs@MarkowitzHerbold.com
*Attorneys for Defendants*

DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 11
Case No. 3:25-mc-05001-DGE

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085

## ATTORNEY CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I have made service of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL** on the parties listed below in the manner indicated:

| | | |
|---|---|---|
| Keith D. Petrak<br>Byrnes Keller Cromwell LLP<br>1000 Second Avenue, 38th Floor<br>Seattle, WA 98104<br><br>*Attorneys for Applicant The Republic of Malawi* | ☒<br>☐<br>☐<br>☐<br>☒<br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: KPetrak@ByrnesKeller.com<br>Electronically via USDC CM/ECF system |
| Amiad Kushner<br>MarcAnthony Bonanno<br>Peter Grabowski<br>Seiden Law LLP<br>322 Eighth Avenue, Suite 1200<br>New York, NY 10001<br><br>*Attorneys for Applicant The Republic of Malawi* | ☒<br>☐<br>☐<br>☐<br>☒<br><br><br>☐ | U.S. Mail<br>Facsimile<br>Hand Delivery<br>Overnight Courier<br>Email: AKushner@SeidenLaw.com<br>MBonanno@SeidenLaw.com<br>PGrabowski@SeidenLaw.com<br>Electronically via USDC CM/ECF system |

DATED: August 14, 2025.

*s/ Josephine C. Kovacs*
Josephine C. Kovacs, WSBA #56461
*Attorneys for Defendants*

2341855.7

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO UNSEAL - 12**
**Case No. 3:25-mc-05001-DGE**

MARKOWITZ HERBOLD PC
1455 SW BROADWAY, SUITE 1900
PORTLAND, OR 97201
(503) 295-3085