The Honorable David G. Estudillo

FILED ____ LODGED
____ RECEIVED
AUG 20 2025
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY ____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>Plaintiff,<br><br>v.<br><br>COLUMBIA GEM HOUSE et. al.,<br><br>Defendants. | Case No. 3:25-mc-05001-DGE<br><br>**REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL**<br><br>**SEALED** |

## I. <u>INTRODUCTION</u>

The Republic of Malawi ("**Applicant**" or "**Malawi**")[1] offer this reply in support of Applicant's Motion to Unseal ("**Motion**") the above-captioned case.

Columbia Gem and Eric Braunwart (together, "**Respondents**") oppose the Motion ("**Opposition**") based on unsubstantiated hypothesis and conjecture to argue that compelling reasons exist to keep this case sealed. Also, since Respondents admit to violating the sealing order, fairness require the Court to unseal this case in its entirety. Further, Respondents do not articulate why the American public's First Amendment rights do not require the case to be unsealed.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning as defined in Malawi's 28 U.S.C. §1782 application ("**Application**") (Dkt. No. 1) and the Motion. All references to "**AG Decl.**" and "**Bonanno Decl.**" are to paragraphs of the declarations of Malawi's Attorney General Thabo Chakaka-Nyirenda and MarcAnthony Bonanno, respectively, filed with Malawi's Motion. All emphasis is added; all internal quotations and citations are omitted.

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO
UNSEAL (Case No. 3:25-cv-05313-DGE) - 1

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

The dramatically opposed views of Malawi and Respondents demonstrate why this case should be unsealed. Malawi and Respondents should be free to express their positions on this Court's docket publicly, so that members of the public can evaluate each side's statements and evidence and reach their own conclusions.

## II.   SUPPLEMENTAL FACTS

To set the record straight, Malawi raised the issue of unsealing the case with Respondents as early as possible and ***before the Court's Order was apparently leaked to Malawi's media***. Bonanno Decl. ¶¶13-14. Specifically, at the parties' July 7, 2025, meet and confer Malawi initially asked Respondents if they would consent to unsealing the case. *Id.* On July 14, 2025, Respondents confirmed that they would not consent to unsealing. *Id.* Thereafter, Malawi took ***nine days*** to prepare and file this Motion.

Respondents' Opposition is filled with unsupported allegations and statements. For instance, Respondents state that Malawi's investigation directly caused Respondents to lose customers. Declaration of Eric Braunwart in Support of Response to Motion to Unseal ("**Braunwart Declaration**") ¶4. Yet, they proffer no evidence to substantiate this claim. *Id.* Respondents also assert that the cost of defending the Application could put Respondents out of business. *Id.* ¶5. Again, no evidence is proffered to support this claim, and Respondents conveniently omit Malawi's repeated efforts to negotiate to moot the need for any motion practice.

Despite offering no evidence to support their claim, Respondents continue to espouse the false narrative that Malawi leaked the Court's Order in violation of the sealing order.[2] Opposition at 7-8. Ironically, Respondents likely violated the sealing order themselves when they discussed the Application with non-party Robert Telchin, Director for African Affairs at the Office of the U.S. Trade Representative ("**Director Telchin**"). Braunwart Declaration ¶3.

---

[2] Malawi and its counsel reaffirm that they did not leak the Court's Order and have strictly followed all of the Court's orders.

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 2

Byrnes ♦ Keller ♦ Cromwell LLP
38th Floor
1000 Second Avenue
Seattle, Washington 98104
(206) 622-2000

## III.  ARGUMENT[3]

**A.  <u>Respondents Have Not Identified a Compelling Reason to Keep This Case Sealed.</u>**

Respondents assert that compelling reasons exist to keep this case under seal because "if unsealed, [the records] will likely become a vehicle for improper purposes, and may be used to promote public scandal [or] circulate libelous statements[.]" Opposition at 9. Yet, Respondents rely on unsupported claims and conjecture to rehash the same unsubstantiated factual allegations made in their Amended Motion to Vacate ("**Motion to Vacate**") in a half-baked attempt to meet the compelling reasons standard set forth in *Kamakana v. City & Cnty. of Honolulu*, F.3d 1172, 1179 (9th Cir. 2006).

Respondents do not overcome the presumption of access to judicial records because they only submit conclusory and unsupported arguments. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434. (9th Cir. 1995) (explaining that conjecture is not sufficient to overcome the presumption of access to judicial records); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (same). For instance, Respondents' main theory is that the Application, if unsealed, may lead to embarrassing press coverage that could cause harm to its business. Opposition at 10. These unsupported hypotheticals are not enough to overcome the court's default–judicial records should be accessible to the American public. *Wagafe v. Biden*, 2023 WL 5803613, *5 (W.D. Wash. Sept. 7, 2023), *on reconsideration in part*, 2024 WL 2407988 (W.D. Wash. May 23, 2024) (the possibility that the disclosure of records "may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records"); *Oliner v. Kontrabecki*, 745 F.3d 1024, at 1026-27 (9th Cir. 2014) (a party's desire to avoid embarrassment or annoyance and prevent burdens on his professional endeavors was not a "compelling reason" to warrant sealing); *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("naked conclusory statement[s]

---

[3] Any arguments set forth in Malawi's Motion that were not addressed by Respondents' Opposition are waived. *Fair v. King County*, 2025 U.S. Dist. LEXIS 66153, 45 (W.D. Wash. Apr. 7, 2025) ("[F]ailure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver").

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 3

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

that publication of the Report will injure the bank…falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal"). *Zuru, Inc. v. Glassdoor, Inc.*, 614 F. Supp. 3d 697, 707 (N.D. Cal. 2022) ("the United States generally prioritizes [First Amendment] rights over reputational rights….").

Regardless of speculative claims of purported financial harm, ***Respondents made no attempt to mitigate their legal fees in this case.*** Malawi sought Respondents' consent to unseal this case and to negotiate the scope of the subpoenas to avoid costly motion practice. Bonanno Decl. ¶¶10, 13-14, Ex. 2. Respondents rebuffed these good faith efforts (*see id.*, Ex. 2) and yet still argue that Malawi "threatens to put Columbia Gem out of business." Opposition at 10. This argument is disingenuous; Respondents had every opportunity to reduce the cost of litigation but have chosen not to. Bonanno Decl. ¶¶10, 13-14, Ex. 2.

Respondents offer no evidence that the Application has cost them business. Braunwart Declaration ¶5. This "take our word for it" approach has been consistently rejected by courts in the Ninth Circuit. *See Am. Pac. Mortg. Corp. v. Everett Fin. Inc.*, 2025 WL 1592262, *3 (W.D. Wash. June 5, 2025) (alone general statements of harm are not sufficiently specific to seal); *Boucher v. First Am. Title Ins. Co.*, 2011 WL 13359325, *2 (W.D. Wash. May 5, 2011) (conclusory statements of "economic harm" are insufficient to seal); *Tacori Enters. v. Scott Kay, Inc.*, 2011 WL 12816673, *2 (C.D. Cal. Aug. 2, 2011) (conclusory contentions of personal embarrassment and loss of business were unpersuasive absent evidence to corroborate those conclusions). Since Respondents have not identified or submitted evidence of a specific harm that they would endure, the Court should reject their assertion that compelling reasons exist to keep this case sealed.

Also, unsealing the record may benefit Respondents because it would allow Respondents the ability to fully respond. By unsealing the case, Respondents would be unconstrained in their response, and they could direct any third party (*i.e.*, members of the media, current and future

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 4

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

customers, and Director Telchin) to the docket to resolve any questions or doubts about Columbia Gem's role. This would include directing members of the public to the AG's sworn statements that effectively disavow the outdated $309 billion claim.

Finally, Respondents continue to make speculative and accusatory statements about Malawi's motives for filing its Application. Opposition at 5-8. Namely, they falsely assert without evidence that Malawi seeks to embark on a media firestorm against Respondents in connection with the upcoming Malawian elections. Opposition at 9-10. They insist that Malawi wanted the Application to "whip up public scandal" in advance of its elections in order to sway voters. Opposition at 9-10. Again, no evidence was submitted to support these claims. *Id.* Respondents only rely on outdated and disavowed statements by the AG that Malawi was owed $309 billion in unpaid taxes and royalties. Opposition at 4-6, 10. The AG, in multiple sworn declarations, corrected these statements and articulated the purpose of the Application. Dkt. No. 2 at 20-22; AG Decl. at ¶¶8-9. Respondents suggest that the Court give unsworn, out of court statements the same weight as sworn declarations made to this Court. The Court should not adhere to this flawed logic.

Accordingly, Respondents have not identified any compelling reasons warranting this entire case to continue to be sealed.

B. **Unsealing Is Warranted Because Respondents May Have Violated the Sealing Order.**

Unsealing is also warranted because Respondents have admitted to violating the sealing order themselves. Specifically, Braunwart disclosed that he is in communication with nonparty Director Telchin regarding the Application and that Director Telchin has requested copies of all the filings in this case. Braunwart Declaration ¶3.

Director Telchin is not a party to this case and therefore Respondents are not permitted to share this case's *sealed filings* with him.[4] The general rule is that nonparties are not entitled access

---

[4] To the extent that Respondents' counsel initiated contact with Director Telchin (or any other US government official) to negotiate with Malawi, undersigned counsel finds such conduct to be inappropriate. *See generally*, Wash. RPC 4.2; *Rolf v. United States* 2007, WL 445449, *2 (W.D. Wash. Feb. 6, 2007) ("absent express consent of opposing counsel, neither attorneys nor their

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 5

BYRNES ♦ KELLER ♦ CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

to any sealed filings. *San Jose Mercury News, Inc. v. U.S. Dist. Ct.--N. Dist. (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999) ("Nonparties seeking access to a judicial record in a civil case may do so by seeking permissive intervention under Rule 24(b)(2)."). Since Director Telchin has not sought to intervene in this matter, access to the docket and all documents filed in the case are restricted to case participants and the Court.[5] *See e.g.* USCS Ct. App. 9th Cir., Circuit R 27-13 (b)(2). It is unclear if Respondents have further violated the Court's sealing order by producing this case's filings to Director Telchin. Braunwart Declaration ¶3 ("Robert Telchin … has requested the briefings in this case so that the U.S. government can pursue a diplomatic resolution to this matter."). Nonetheless, Respondents seek to use sealing as a sword and a shield: opposing the unsealing of the case to constrain Malawi, but violating the sealing order themselves when it suits their interests. Opposition at 11; *see Paul Evert's RV Country, Inc. v. Universal Underwriters Ins. Co.*, 2016 WL 5341266, *1 (E.D. Cal. Sept. 22, 2016) (rejecting a party's usage of a sword and shield tactic).

Respondents have no evidence to support their claims that Malawi leaked the Court's Order to Malawi's local press, which Malawi emphatically denies. Absent evidence that one party in fact violated the sealing order, the Court should not be swayed by conjecture.

C. **Respondents Do Not Articulate Why Americans Should Not Have Access This Case.**

While Respondents correctly assert that foreign citizens outside the geographic borders of the U.S. do not have First Amendment rights, they fail to address why the American public's First Amendment rights are not implicated and require the case to be unsealed. Opposition at 11. But there is a strong presumption of public access to judicial records. *Cohen v. Trump*, 2016 WL 3036302, *6 (S.D. Cal. May 27, 2016). "[A]ccess to court proceedings [and records] in general

---

agents may communicate with parties represented by counsel regarding the matter being litigated").

[5] Respondents are also not in compliance with the local rules of the Western District of Washington. *See Am. Pac. Mortg. Corp.*, 2025 WL 1592262, *1. Respondents do not address why under LCR 5(g)(3)(B)(iii) less restrictive relief, like redactions, is not sufficient protections.

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 6

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

may be asserted more forcefully when the litigation involves matters of significant public concern." *Id.* at *6. "[T]he First Amendment also protects U.S. audiences' right to 'receive information and ideas' from abroad." *In re Gliner*, 133 F.4th 927, 934 (9th Cir. 2025) (The court further articulated that, in the context of §1782 applications, the U.S. public's First Amendment rights maybe indirectly implicated when the information sought would be relevant to U.S. customers). In a matter that Respondents concede involves diplomatic relations with a foreign sovereign (*see generally* Braunwart Declaration; *supra* Section III.B), and directly involves Columbia Gem's marketing of its "Fair Trade Gems" to Americans, the American public clearly has a strong interest in accessing the information in this case.

Therefore, the First Amendment right to access judicial proceedings and records supports unsealing this case in full.

## IV.  CONCLUSION

For the foregoing reasons, this Court should unseal this case in its entirety.[6]

DATED this 20th day of August, 2025.

        **BYRNES KELLER CROMWELL LLP**

        By */s/ Keith D. Petrak*
          Keith D. Petrak, WSBA #19159
          1000 Second Avenue, 38th Floor
          Seattle, Washington 98104
          Telephone: (206) 622-2000
          kpetrak@byrneskeller.com

        **SEIDEN LAW LLP**

        By */s/MarcAnthony Bonanno*
          Amiad Kushner (*pro hac vice*)
          MarcAnthony Bonanno (*pro hac vice*)
          322 Eighth Avenue, Suite 1200
          New York, NY 10001
          akushner@seidenlaw.com
          mbonanno@seidenlaw.com
        ***Attorneys for Plaintiff***

---

[6] As a practical matter, the Court should provide the parties' respective counsel electronic access to the docket and grant each the ability to electronically file.

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 7

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

**CERTIFICATION:** The above signature also certifies that this memorandum contains 2,099 words, in compliance with the Local Civil Rules.

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 8

BYRNES • KELLER • CROMWELL LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on the 20th day of August, 2025, I filed the foregoing with the Clerk of the Court via hand delivery by courier. Notification of such filing to all counsel on record in the matter will be sent by electronic mail.

/s/ Keith D. Petrak
Byrnes Keller Cromwell LLP
1000 Second Avenue, 38th Floor
Seattle, WA 98104
Telephone: (206) 622-2000
kpetrak@byrneskeller.com

REPLY IN FURTHER SUPPORT OF MALAWI'S MOTION TO UNSEAL (Case No. 3:25-cv-05313-DGE) - 9