UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>                Plaintiff,<br><br>    v.<br><br>COLUMBIA GEM HOUSE et al.,<br><br>                Defendants. | CASE NO. 3:25-mc-05001-DGE<br><br>ORDER ON MOTION TO UNSEAL CASE (DKT. NO. 15) |

This matter comes before the Court on Plaintiff The Republic of Malawi's motion to unseal this case. (Dkt. No. 15.) For the reasons set forth below, the Court GRANTS Plaintiff's motion.

      **I.**        **FACTUAL AND PROCEDURAL BACKGROUND**

On April 11, 2025, Plaintiff filed an application to conduct discovery for use in contemplated foreign criminal and civil proceedings pursuant to 28 U.S.C. § 1782. (Dkt. No. 1.) Shortly thereafter, the Clerk's Office sealed this case, based upon guidance provided to Clerk's office employees that cases of this nature should generally be opened under seal. On May 23,

2025, the Court granted Plaintiff's application. (Dkt. No. 8.) On July 23, 2025, Plaintiff filed a motion to unseal this case. (Dkt. No. 15.)

## II.     LEGAL STANDARD

Local Civil Rule 5(g)(8) allows a party to file a motion to unseal documents. "The standard for unsealing previously sealed documents mirrors the standard for sealing the documents in the first instance." *Cal. Expanded Metal Prods. Co. v. Klein*, Case No. C18-0659JLR, 2020 WL 5909809 at *1 (W.D. Wash. Oct. 5, 2020).

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotations omitted). Although "access to judicial records is not absolute," there is a "strong presumption in favor of access." *Id*. "The presumption of access is based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice." *Center for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (internal quotations omitted). Accordingly, "a party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Under the compelling reasons standard, "a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Center for Auto Safety*, 809 F.3d at 1096-97 (quoting *Kamakana*, 447 F.3d at 1179). "What constitutes 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

III. DISCUSSION

Plaintiff argues the Court should unseal this case in its entirety because there is no compelling reason to maintain the seal. (Dkt. No. 15 at 5.) Plaintiff contends there is no confidential information in any of the Court filings and argues the presumption of access to judicial records should therefore prevail. (*Id.*)

Defendants argue there are compelling reasons to maintain the seal in this case. "[T]he proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means that the default posture of public access prevails." *Kamakana*, 447 F.3d at 1178. In general, "compelling reasons" sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such "court files might have become a vehicle for improper purposes," such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets. *Id.* at 1180. However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Here, Defendants argue Plaintiff will "use and misconstrue the Court's records and orders to perpetuate an ongoing false scandal" to advance the re-election prospects of politicians in Malawi. (Dkt. No. 26 at 2.) Defendants contend the scandal allegedly perpetuated by the Malawian government threatens the future of their business and the livelihood of their employees. (*Id.*) Defendants argue the government of Malawi has been using false accusations against them "to whip up public scandal" for years, and have recently resurrected these allegations in the run up to Malawi's 2025 presidential election. (*Id.* at 9–10.) Defendants argue Plaintiff has already used and misconstrued the Court's rulings for political purposes, citing an


Case 3:25-mc-05001-DGE    Document 36    Filed 09/17/25    Page 3 of 4


ORDER ON MOTION TO UNSEAL CASE (DKT. NO. 15) - 3

article published on a Malawian news website that quotes from the Court's sealed order granting Plaintiff's application to conduct discovery pursuant to 28 U.S.C. § 1782.[1] (*Id.*)

The Court finds Defendants have not met their burden with respect to maintaining the case under seal. The Court notes this case was sealed pursuant to general guidance issued to the Clerk's Office, not because of any specific, compelling reasons that would justify sealing. In addition, while parties in Malawi may attempt to misconstrue aspects of the Court's rulings, those parties are capable of publishing derogatory information about Defendants with or without access to Court documents. As Defendants assert, they have been subject to a long running "shakedown" by parties in Malawi that began in 2011 and led to the publication of a report in 2014 alleging Defendants plundered hundreds of billions of dollars of Malawi's mineral wealth. (Dkt. No. 26 at 4.) Moreover, by having access to the positions taken by each party and the Court's ultimate rulings, the public will have accurate information about findings and conclusions made in this case.

Accordingly, Plaintiff's motion to unseal this case (Dkt. No. 15) is GRANTED.

Dated this 17th day of September, 2025.



David G. Estudillo
United States District Judge

---

[1] Plaintiff and Plaintiff's counsel both deny sharing the Court's order with any third parties. (Dkt. Nos. 16, 17.)