UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE REPUBLIC OF MALAWI,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>COLUMBIA GEM HOUSE et al.,<br><br>　　　　　　　　Defendants. | CASE NO. 3:25-mc-05001-DGE<br><br>ORDER GRANTING DEFENDANTS' MOTION TO VACATE 28 U.S.C. § 1782 ORDER (DKT. NO. 25) |

　　　This matter comes before the Court on Defendants' motion to vacate the Court's previous order granting Plaintiff's application to conduct discovery pursuant 28 U.S.C. § 1782 (Dkt. No. 8.)  (Dkt. No. 25.)  For the reasons articulated herein, Defendants' motion is GRANTED.

**I　　BACKGROUND**

　　　On April 11, 2025, Plaintiff filed an ex parte application to conduct discovery pursuant to 28 U.S.C. § 1782.  (Dkt. No. 1.)  On May 23, 2025, the Court granted Plaintiff's application.  (Dkt. No. 8.)  On August 5, 2025, Defendants moved to vacate the Court's order.  (Dkt. No. 25.)[1]

---

[1] Defendants are Columbia Gem House ("Columbia Gem") and its President, Eric Braunwart.

The dispute arises out of Defendants' activities with a Malawian company, Nyala Mines Limited ("Nyala Mines"), that mines out of Chimwadzulu Mine ("Chimwadzulu"). Plaintiff alleges it is investigating Nyala Mines for unlawfully mining out of Chimwadzulu and that Columbia Gem, as exclusive partner of Nyala Mines, is likely to have relevant documents. (Dkt. No. 1 at 6.) Plaintiff alleges while Defendants are not the subject of a criminal investigation, their actions could have "defraud[ed] Malawi out of billions of dollars in royalties and taxes." [2] (*Id*. at 5, 22.)

In contrast, Defendants frame Plaintiff's request as a bad faith effort intended to harass Defendants. Defendants assert their business with Nyala Mines was limited: they have no ownership interest in Nyala Mines, they are not a party in the agreement between Plaintiff and Nyala Mines, and mining in Chimwadzulu has been slow to nonexistent. (Dkt. No. 20 at 2–3.) Defendants contend that rather than being a good faith effort to investigate Nyala Mines, Plaintiff's application is the latest in a series of bad faith efforts targeting Defendants. In 2011, Braunwart was contacted by executives from Mgodi Ltd. ("Mgodi"), a rival of Nyala Mines, in what Braunwart perceived to be a shakedown effort. (*Id*. at 3, 33–37.) Mgodi then instigated a series of actions: first, just months later, filing a lawsuit against Nyala Mines alleging a 30% ownership in the company; second, in 2013, contacting Defendants threatening Nyala Mines would lose its license for Chimwadzulu and demanding Defendants work with Mgodi; and finally, in 2014 after Defendants declined to work with Mgodi, issuing a PowerPoint presentation ("Mgodi Report") alleging Malawi "has been robbed" of billions of dollars of

---

[2] Even after conceding a $309 billion damage amount is baseless, Plaintiff continues to assert plausible damages in the billions. (*See* Dkt. No. 1 at 6.)

ORDER GRANTING DEFENDANTS' MOTION TO VACATE 28 U.S.C. § 1782 ORDER (DKT. NO. 25) - 2

natural resources and identifying Defendants as central perpetrators of this alleged scheme.  (*Id*. at 3–4, 38–62; Dkt. No. 22 at 1, 5.)

Defendants assert Plaintiff has relied on the Mgodi Report to pursue a series of investigative efforts in 2017, 2021, 2022, and 2025.  (Dkt. No. 20 at 5–7, 71-72, 81-87, 90–94.) Defendants allege the Mgodi Report has multiple fundamental errors that have been relied upon by Plaintiff, including identifying the maximum possible quantity of rubies and sapphires that could be mined (2,000kg) as the amount imported to the United States when the actual quantity is closer to 450 kg and citing estimated imports of hundreds of billions of dollars when the real figure would be closer to tens of thousands of dollars.  (*Id*. at 4, 70.)  Defendants assert Plaintiff has continued to pursue these baseless claims despite both American embassy support of Defendants and rejection of the report in Malawi's courts, motivated by the "government's precarious economic and fiscal position" and Malawi's 2025 presidential election.  (*Id*. at 6, 96–97; Dkt. No. 21 at 89–92.)  Defendants assert this lawsuit is politically motivated, citing Attorney General Chakaka-Nyirenda's public posts threatening Defendants and media reports about this litigation including reporting on this Court's sealed orders.  (Dkt. Nos. 20 at 95; 21 at 102–104.)

## II    DISCUSSION

**A.  Legal Framework**

I.    <u>28 U.S.C. § 1782</u>

Under 28 U.S.C. § 1782, a district court may order a person who resides or is found in its district to produce documents or testimony for use in a proceeding in a foreign or international tribunal.  "Section 1782 is the product of congressional efforts, over the span of nearly 150 years,

to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004).

The aims of § 1782 include "providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts." *Id.* at 252 (internal citations omitted). Under § 1782, an applicant seeking discovery for use in a foreign proceeding must meet three statutory requirements: (1) the request is made "by a foreign or international tribunal" or "any interested person"; (2) the discovery is "for use in a proceeding in a foreign or international tribunal"; and (3) the person from whom the discovery is sought "resides or is found" in the district of the district court where the application is made. 28 U.S.C. § 1782(a); *In re Sailed Tech. (Beijing) Co., Ltd.*, Case No. 2:22-cv-01396-JHC, 2023 WL 3568151, at *3 (W.D. Wash. May 18, 2023).

Additionally, "a district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so." *Intel*, 542 U.S. at 264. To determine whether it should exercise its discretion to grant a Section 1782 application, the court considers the following four non-exclusive factors: "(1) whether the application seeks discovery from a party that is a participant in the foreign proceeding, (2) the nature of the proceeding and that tribunal's receptivity to the requested discovery, (3) whether the request attempts to circumvent foreign discovery restrictions or policies, and (4) whether the request is unduly burdensome or intrusive." *Pott v. Icicle Seafoods, Inc.*, 945 F. Supp. 2d 1197, 1199 (W.D. Wash. 2013), citing *Intel*, 542 U.S. at 264–265.

II.     Motions to vacate

Motions to vacate play an important role in § 1782 litigation particularly when courts rule in favor of ex parte applicants. *See Banca Pueyo SA v. Lone Star Fund IX (US), L.P.*, 55 F.4th

469, 475 (5th Cir. 2022) (noting the unfairness of limiting defendants' ability to challenge an order regarding an ex parte application and remanding a motion to vacate for district court review). While the standard of review is distinguishable from federal rules regarding quashing a subpoena, the impact—preventing previously approved discovery from occurring— is the same. *Id*. at 475–476.[3]

The Court can grant motions to vacate initial orders based either on a finding of bad faith or a finding the *Intel* factors no longer weigh in favor of Plaintiff. *See United Kingdom v. United States*, 238 F.3d 1312, 1319 (11th Cir. 2001); *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1101 n.6 (2nd Cir. 1996). The abuse of discretion standard does not apply; it applies only when an appellate court is reviewing a district court's final order.

**B. Analysis**

The Court initially ruled in Plaintiff's favor on all four *Intel* factors.[4] (Dkt. No. 8.) Defendants now request the Court's initial order be vacated because Plaintiff acted in bad faith and because it failed to satisfy the *Intel* factors. (Dkt. No. 25 at 17.) The Court finds new evidence makes at least the third and fourth *Intel* factors weigh in Defendants' favor. Because the Court finds the *Intel* factors favor vacating the initial order, the Court declines to address whether Plaintiff acted in bad faith.

The first *Intel* factor, while originally found to weigh in Plaintiff's favor, is best categorized as being neutral in the face of new facts. The first *Intel* factor weighs in favor of the applicant when the defendant is not a party in the foreign proceeding or where the information is

---

[3] Accordingly, while motions to quash subpoenas or issue a protective order may be rendered moot by an order on a motion to vacate, neither is necessarily waived by a motion to vacate.

[4] The Court as an initial matter also found the three statutory requirements of § 1782 applied. (Dkt. No. 8 at 3–6.) Defendants do not challenge the Court's findings on any of these initial requirements. Accordingly, the Court only addresses the discretionary *Intel* factors.

not otherwise discoverable in the foreign proceeding.  *In re ex parte application Varian Medical Systems International AG*, No. 16-mc-80048-MEJ, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) (denying an application where a foreign entity sought discovery against a subsidiary of a named party and where it was unclear if the requested discovery could be obtained without American court involvement).  Plaintiff argues Defendants are not a named party and, as a foreign nonparty, unable to be compelled to participate in discovery.  (Dkt. No. 33 at 334–335.)[5] Defendants respond Plaintiff's statements and actions, including repeatedly investigating and publicly threatening Defendants, show a clear intent to sue Defendants.  (Dkt. No. 20 at 7.)[6] While Plaintiff appears correct the only way for Plaintiff to obtain this information without further action is through the § 1782 process, Defendants make a compelling case Plaintiff was less than forthcoming with the Court in its initial application about its relationship to Defendants or its potential intentions.  Accordingly, the first *Intel* factor is at best neutral for Plaintiff.

The second *Intel* factor favors granting discovery when the foreign court would be receptive to the discovery.  Defendants assert it is unclear whether Malawian courts would be receptive to the information in dispute because it is "an exceptional and rare circumstance," while Plaintiff asserts Malawian courts would be receptive. (Dkt. No. 22 at 2; Dkt. No. 2 at 25–26.)  Even with this factor weighing in Plaintiff's favor, the other factors provide sufficient grounds to vacate the order.

---

[5] Plaintiff also seems to imply it cannot sue Defendants in Malawian courts. (Dkt. No. 32 at 18.) To the extent Plaintiff is relying on the Court's initial order, it speaks only to an apparent inability to compel discovery by foreign nonparties.  While the Court is not trained in Malawian law, the fact Plaintiff has investigated and threatened Defendants indicates there is a reasonable possibility of Plaintiff suing Defendants in Malawi.

[6] Defendants also make a separate argument there is no legitimate pending investigation. (Dkt. No. 37 at 13.)  Because this relates to the statutory requirements of § 1782 and Defendants focus their argument only on Plaintiff's motive and the discretionary *Intel* factors, the Court declines to find there is no legitimate pending investigation against Nyala Mines.

      The third and fourth *Intel* factors both weigh in Defendants' favor.  The third *Intel* factor disfavors granting discovery when it appears the plaintiff is trying to circumvent less favorable proof-gathering restrictions.  Even accepting Plaintiff's contention this rule only applies when there is some evidence of misconduct by the plaintiff, this factor weighs in Defendants' favor.  (*See* Dkt. No. 32 at 20.)  Defendants provide significant evidence it is unusual for Malawi to seek discovery before filing charges.  (Dkt. No. 22 at 2.)  Plaintiff only asserts discovery material would be welcome in Malawian courts, with no discussion of whether this type of pre-charge discovery-seeking is unusual.  (Dkt. No. 32 at 21–22.)  Particularly in conjunction with the significant facts Plaintiff failed to disclose—a previous case against Nyala Mines being dismissed, Plaintiff's past investigations of Defendants, and certain allegations being potentially influenced by the discredited Mgodi Report—the third *Intel* factor points in Defendants' favor.  (*See* Dkt. Nos. 20 at 5; 22 at 23.)

      The fourth *Intel* factor requires the courts consider the intrusiveness and potential burden of the discovery requests.  Plaintiff requested documents going back over twenty years.  (*See* Dkt. No. 3 at 16.)  At this point, there are serious concerns the information is no longer proportional.  Plaintiff's allegations are seriously undermined by its use of multiple misleading statements, including estimating the potential damages as billions of dollars when plausible estimates seem to be in the thousands of dollars and framing Defendants as expressing interest in maintaining efforts with Nyala Mines in 2025 when the statement was from 2018 and by a third party.  (*See* Dkt. Nos. 20 at 105; 38-1.)  Thus, the fourth factor also weighs in Defendants' favor.

### III    CONCLUSION

      Accordingly, and having considered Defendants' motion, the briefing of the parties, and the remainder of the record, the Court finds and ORDERS that Defendants' motion to vacate

(Dkt. No. 25) is GRANTED.  The Court's May 23, 2025 Order Regarding Application to Conduct Discovery Pursuant to 28 U.S.C. § 782 is VACATED.

Dated this 20th day of October, 2025.

David G. Estudillo
United States District Judge